UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JESUS ALBERTO GARCIA RODRIGUEZ,
Petitioner,
v.
WARDEN, Otay Mesa Detention Center, in their official capacity, et al.,
Respondents.

Case No.: 3:26-cv-06144-RBM-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Jesus Alberto Garcia Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Venezuela, presented himself for inspection at the El Paso, Texas port of entry on June 15, 2023. (*Id.* ¶¶ 8, 11.) Petitioner was processed by the Department of Homeland Security and then released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5). (*Id.* ¶ 11; Doc. 4 at 2.) While living in the United States, Petitioner secured full-time employment at a construction company, received a California identification card, and established family and community ties here. (Doc. 1 ¶¶ 12–14.) "On October 9, 2026, ICE detained Petitioner at the San Diego Central Jail following his release pursuant to a recent arrest for Driving Under the Influence." (Doc. 4 at 2.) Petitioner is now detained at Otay Mesa Detention Center. (Doc. 1 ¶ 9.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates 5 U.S.C. § 706(2)(A)–(D) and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 19–28.) Respondents "have insufficient information regarding termination" of Petitioner's parole and argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2016), does not apply here, but ultimately "do[] not oppose the petition . . . and defer[] to the Court on the appropriate relief." (Doc. 4 at 2–3.) In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained,

---

[1] *See Mompremier v. LaRose*, Case No.: 3:26-cv-05354-RBM-GC, ECF No. 6, at *2 n.1 (S.D. Cal. Sept. 11, 2026) (collecting cases).

he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting parole. "Given Petitioner's criminal charges after he was initially released on conditional parole, the Government may impose other reasonable conditions of supervision." *Arici v. Blanche*, Case No.: 3:26-cv-04512-RBM-DEB, 2026 WL 2771704, at *2 (S.D. Cal. Sept. 16, 2026) (citations omitted).
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

**IT IS SO ORDERED.**

DATE: November 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE